IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 3:10-00111-07

BARRY ADKINS

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Sever (Doc. 295). For the following reasons, this motion is **DENIED**.

Under *Fed. R. Crim. P.* 8(b), defendants may be changed in the same indictment where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a presumption that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981) (citations omitted). This likewise applies to those defendants indicted on conspiracy charges. *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993).

Under Rule 14, however, a court may sever a defendant—even if joinder was proper—if the joinder appears to prejudice the defendant. Severance is appropriate only when the defendant establishes that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *See Zafiro*, 506 U.S. at 539; *United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir.), *cert. denied*, 514 U.S. 1113 (1995). Establishing a right to severance is difficult. To do so, a defendant must "establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*,

48 F.3d 763, 767 (4th Cir. 1995) (internal quotation marks and citations omitted). Further, merely arguing that the evidence is stronger against the co-defendants than one defendant is insufficient for the right to severance to arise. *See, e.g.*, *United States v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008); *United States v. Harris*, 498 F.3d 278, 291–92 (4th Cir. 2007); *United States v. Kahn*, 461 F.3d 477, 491 (4th Cir. 2006).

Defendant Adkins argues that his case should be severed from that of his co-defendants as otherwise there will be a "prejudicial injury" to his right to cross-examine his co-defendants regarding his participation in the alleged conspiracy. In addition, Adkins asserts that the stronger evidence against his co-defendants will prejudice the jury against Adkins, thereby denying him of his Sixth Amendment right to a fair and impartial jury. Lastly, the defendant suggests that the Government must show a common scheme or plan in order to survive his motion to sever. The United States contests each of these arguments.

"A defendant's attempt to have her trial severed from that of a co-defendant is far less likely to succeed when the request is based on the asserted need for a co-defendant's testimony." *Reavis*, 48 F.3d at 767. To obtain severance based on favorable testimony by a co-defendant, a defendant must establish: (1) a bona fide need for the testimony of the co-defendant; (2) a reasonable probability that the co-defendant would waive his or her Fifth Amendment privilege and testify at a second trial; (3) the substance of the co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony. *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). Defendant has not met this test. To support his contention that he has a bona fide need for the testimony of his co-defendants, Defendant states that each of them could testify to their lack of personal knowledge of the defendant and the lack of any business relationship among them. However, this testimony would

not necessarily exculpate the defendant. To establish a conspiracy, the Government need not establish that the defendants were known to each other, or that the defendants knew of the others' involvement in the conspiracy. *See, e.g.*, *United States v. Wilson*, 484 F.3d 267, 283–84 (4th Cir. 2007). In addition, Defendant has not proffered any specific testimony or evidence that his co-defendants would provide, aside from the "vague and conclusory" statement that Adkins was unknown to them, which "could [be] used to buttress [his] defense." *Reavis*, 48 F.3d at 768. Defendant has also failed to establish that his co-defendants would be willing to testify in his trial. Lastly, the Court notes that at this stage in the proceedings only Defendants Fleming and Adkins have yet to plead or schedule a plea hearing with regard to this conspiracy charge. Accordingly, Defendant Adkins' argument is partially mooted as a number of his co-defendants are now available to testify as they, unlike Adkins, are not going to trial. Therefore, the Court **FINDS** that Defendant has failed to satisfy the *Parodi* test.

Defendant's second contention, that the stronger evidence against his co-defendants' will prejudice his case in front of the jury, has been rejected by the Fourth Circuit. *See, e.g.*, *Singh*, 518 F.3d at 255; *Harris*, 498 F.3d at 291–92; *Kahn*, 461 F.3d at 491. Defendant's third contention, that the Government must establish a common plan or scheme to maintain the joinder of these defendants, appears to be based on a faulty reliance on Federal Rule of Criminal Procedure 8(a), which states that separate offenses may be joined where "the offenses charged . . . are connected with or constitute parts of a common scheme or plan." Here, however, the defendants were indicted together on the basis of an alleged conspiracy. Accordingly, the indictment is based on Federal Rule of Criminal Procedure 8(b), which allows for a single indictment for multiple co-defendants when it is based on an allegation that they "participated in the same act or transaction or in the same series

of acts or transactions constituting an offense or offenses." The offense in question is a conspiracy under 21 U.S.C. § 846. To establish a conspiracy under § 846, the United States need only establish: (1) an agreement to distribute marijuana existed between two or more persons; (2) Defendant Adkins knew of the conspiracy; and (3) he knowingly and voluntarily became a part of this conspiracy. *United States v. Wilson*, 135 F.3d 291, 306 (4th Cir.), *cert. denied*, 523 U.S. 1143 (1998) (citation omitted). No where is it required that the United States establish a common scheme or plan.

For the foregoing reasons, the Court **DENIES** Defendant's motion to sever. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: May 18, 2011

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE